UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHRISTINA RONALDSON,
     Plaintiff,

v.

NATIONAL ASSOCIATION OF HOME
BUILDERS,
     Defendant.

Civil Action No. 19-1034 (CKK)

**MEMORANDUM OPINION & ORDER**
(March 16, 2022)

In this employment dispute, Plaintiff Christina Ronaldson claims that her former employer, the National Association of Home Builders ("NAHB" or "Defendant"), unlawfully withheld promised commission payments in violation of the District of Columbia Wage Payment and Collection Law, D.C. Code §§ 32–1301 *et seq.*, ("DCWPCL"), and the common law doctrine of unjust enrichment. Defendant has moved to dismiss, or, in the alternative, for judgment on the pleadings on, Count II of Plaintiff's [113] Second Amended Complaint, Plaintiff's unjust enrichment claim. In consideration of the pleadings,[1] the relevant legal authorities, and the entire

---

[1] This Memorandum Opinion focuses on the following documents:
- Plaintiff's Second Amended Complaint, ECF No. 113 ("Compl.");
- Defendant's Motion to Dismiss or, in the Alternative, Motion for Judgment on the Pleadings with Respect to Count II of Plaintiff's Second Amended Complaint, ECF No. 122-1 ("Mot.");
- Plaintiff's Opposition to Defendant's Motion to Dismiss or for Judgment on the Pleadings, ECF No. 127 ("Opp."); and
- Defendant's Reply Brief in Further Support of Defendant's Motion to Dismiss or, in the Alternative, Motion for Judgment on the Pleadings with Respect to Count II of the Plaintiff's Second Amended Complaint, ECF No. 128 ("Repl.")

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

1

record, the Court shall **DENY** Defendant's [122] Motion to Dismiss or, in the Alternative, Motion for Judgment on the Pleadings with Respect to Count II of Plaintiff's Second Amended Complaint.

## I. BACKGROUND

The Court previously set forth the factual background of this case in its June 3, 2021 Memorandum Opinion, which the Court expressly incorporates here in its entirety. *See* Mem. Op., ECF No. 119, at 2–4. In relevant part, Plaintiff is a former employee of NAHB, "a non-profit organization . . . that engages in wide-ranging activities with the overall purpose of promoting home ownership and home building." Compl. ¶ 1. Plaintiff began working at NAHB in December 2009, "as the Director of NAHB's revenue-generating Affinity Programs." *Id.* ¶¶ 1, 16. In that position, Plaintiff "was responsible for generating revenue for NAHB by creating national partnerships between NAHB and corporations with significant financial interests in the home building industry by marketing products and services to NAHB members, including builders, contractors and sub-contractors, and banks." *Id.* ¶ 3. Throughout her tenure with NAHB, Plaintiff received "a base salary" along with an annual commission paid through NAHB's "Incentive Compensation Plan" (the "Incentive Plan"). *Id.* ¶¶ 4, 16.

NAHB ultimately terminated Plaintiff on August 18, 2017, *id.* ¶ 31, but not before paying Plaintiff a $26,010.86 Incentive Plan commission for the 2016 fiscal year, *see id.* ¶¶ 21–30. Nonetheless, Plaintiff alleged that this 2016 commission was too small. Specifically, Plaintiff alleged that NAHB had calculated her 2016 commission by improperly excluding the sales revenue Plaintiff generated for NAHB in 2016 through a royalty payment of approximately $880,000 received from Lowe's. *See id.* ¶ 29. Based upon these allegations, Plaintiff asserted a DCWPCL claim against NAHB in Count I of her Amended Complaint for NAHB's failure to compensate her for all "wages" owed to her under the 2016 Incentive Plan. *See id.* ¶¶ 49–50. In Count II of her

2

Second Amended Complaint, Plaintiff asserted a claim for unjust enrichment, also predicated on the allegedly inadequate commission payments she received from NAHB before her termination. *See id.* ¶¶ 54–59.

Defendant has now moved to dismiss or, in the alternative, for judgment on the pleadings on Plaintiff's unjust enrichment claim as amended. With that motion fully briefed, the Court turns to its resolution.

## II.     LEGAL STANDARD

### A. Rule 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint on the grounds that it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  The Federal Rules of Civil Procedure require that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  "[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557).  Rather, a complaint must contain sufficient factual allegations that, if true, "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.  In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court must construe the complaint in the light most favorable to the plaintiff and accept as true all reasonable factual inferences drawn from

well-pleaded factual allegations. See In re United Mine Workers of Am. Employee Benefit Plans Litig., 854 F. Supp. 914, 915 (D.D.C. 1994).

**B.   Rule 12(c)**

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  A motion brought pursuant to Rule 12(c) requires the Court to render "a judgment on the merits . . . by looking at the substance of the pleadings and any judicially noted facts." *All. of Artists & Recording Cos., Inc. v. Gen. Motors Co.*, 162 F. Supp. 3d 8, 16 (D.D.C. 2016).  In other words, the moving party must "demonstrate that the law entitles him to win given the undisputed facts that have been alleged in both parties' pleadings." *Murphy v. Dep't of Air Force*, 326 F.R.D. 47, 48 (D.D.C. 2018).  Although Rule 12(c) motions have frequently been analyzed pursuant to the same framework as motions brought under Rule 12(b)(6), a Rule 12(c) motion "comes closer to a summary judgment type of determination." *Lopez v. Nat'l Archives & Records Admin.*, 301 F. Supp. 3d 78, 84 (D.D.C. 2018).  Accordingly, the Rule 12(c) burden is "substantial" and requires the movant to demonstrate "*both* that there is no material dispute of fact" and that "the law is such that the movant is entitled to judgment as a matter of law." *Id.*  (citing *Tapp v. WMATA*, 306 F. Supp. 3d 383, 391–92 (D.D.C. 2016)).

### III.   DISCUSSION

In Count II of the Second Amended Complaint, Plaintiff asserts a common law claim for unjust enrichment.  Unjust enrichment "rests on a contract implied in law, that is, on the principle of quasi-contract." *U.S. ex rel. Modern Elec., Inc. v. Ideal Electronic Sec. Co., Inc.*, 81 F.3d 240, 247 (D.C. Cir. 1996).  To state such a claim under District of Columbia law, a plaintiff must plead facts showing "(1) the[ plaintiff] conferred a benefit on the [] defendant[]; (2) [the] defendant[] possessed an appreciation or knowledge of the benefit; and (3) [the] defendant

4

accepted or retained the benefit under inequitable circumstances." *Lannan Found. v. Gingold*, 300 F. Supp. 3d 1, 30 (D.D.C. 2017). "The doctrine applies when a person retains a benefit (usually money) which in justice and equity belongs to another." *Krukas v. AARP, Inc.*, 376 F. Supp. 3d 1, 44 (D.D.C. 2019).

As an initial matter, there appears to be some confusion between the parties as to what "benefit" Plaintiff allegedly extended Defendant. Construing Plaintiff's First Amended Complaint, the Court understood the benefit to be Plaintiff's labor in securing the Lowe's contract, among other work. *See Ronaldson v. Nat'l Ass'n of Home Builders*, 502 F. Supp. 3d 290, 300 (D.D.C. 2020). Plaintiff has now changed tack, arguing that "the $879,000.00 sale Ms. Ronaldson's [sic] made to Lowe's" on NAHB's behalf is the benefit to be returned to Plaintiff. Opp. at 9. As a matter of law, however, that *result* from Plaintiff's labor cannot be the benefit for the purposes of an unjust enrichment claim.

"A person confers a benefit upon another if he . . . performs services beneficial to or at the request of the other." *Lannan*, 300 F. Supp. 3d 1 at 30 (quoting Restatement (First) of Restitution § 1, cmnt. B (1937)). In other words, where a benefit has accrued as a result of a plaintiff's labor, it is the *value* of the plaintiff's labor that is the benefit. *See, e.g.*, *Molock v. Whole Foods Market, Inc.*, 297 F. Supp. 3d 114, 133 (D.D.C. 2018). In *Molock*, a class of current and former Whole Foods' employees alleged that Whole Foods had withheld performance-related bonus payments. *Id.* at 120-21. It was the value of the unpaid bonuses, and not, for example, grocery sales to consumers, that was the benefit at issue. *Id.* at 133. As unjust enrichment sounds in quasi-contract, the question is what NAHB would have paid for Plaintiff's labor in accordance with the parties' alleged informal understanding. So, like in *Molock*, the measure of that value, i.e., benefit, can be easily determined by Plaintiff's salary and

5

commission.  The sum of the alleged unpaid commissions is that value, and so is the benefit at issue.

Defendant's main argument for dismissal (or, alternatively, judgment), is, however, that NAHB did not "retain" the value of Plaintiff's labor because it "simply substituted the payment that should have gone to Plaintiff and gave it to" Plaintiff's replacement.  Defendant's argument is self-defeating.  NAHB admits that, as pleaded, it accepted Plaintiff's work to secure a deal with Lowe's, partially paid her for that work, that Plaintiff was due more pursuant to an understanding between the parties, and that NAHB did not pay Plaintiff all that she was due.  Nothing more is required to show that Defendant "accepted or retained a benefit under inequitable circumstances."  *See Lannan*, 300 F. Supp. 3d at 30.  Even if there were a requirement NAHB continue to "retain" the value of Plaintiff's labor, it certainly has.  NAHB cannot divest itself of Plaintiff's work, much as it cannot turn back the clock to 2016 to have stopped Plaintiff from doing her job as Defendant's employee.  Moreover, the Court already rejected such an argument when, construing Plaintiff's First Amended Complaint, it held that, as pleaded, "NAHB allegedly retained the monetary value of [Plaintiff's] services by *withholding* an adequate commission payment from her."  *Ronaldson*, 502 F. Supp. 3d at 301 (emphasis added).[2]

---

[2]  Finally, as Defendant has not appended any supporting exhibits to its Motion or [11] Answer to the First Amended Complaint and has not made any argument that it is due judgment as a matter of law beyond styling its Motion as such, the Court cannot grant judgment on the pleadings.  *See Murphy v. Dep't of Air Force*, 326 F.R.D. 47, 48 (D.D.C. 2018).

## IV.   CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that Defendant's [122] Motion to Dismiss or, in the Alternative, Motion for Judgment on the Pleadings with Respect to Count II of Plaintiff's Second Amended Complaint is **DENIED**.  It is further

**ORDERED** that the parties shall appear on April 27, 2022 at 1:00 PM ET for a scheduling conference to determine how the case should proceed.  The scheduling conference shall be held via teleconference.

**SO ORDERED.**

Date: March 16, 2022                                         _____/s/_____
                                                                              **COLLEEN KOLLAR-KOTELLY**
                                                                              United States District Judge